## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ALEXANDER AVILES-SANTIAGO,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil No. 16-1958 (FAB/BJM)
(Related to Cr. No. 13-041 (FAB))

## REPORT AND RECOMMENDATION

On September 18, 2013, Alexander Aviles-Santiago ("Aviles") was sentenced to 120 months of imprisonment after pleading guilty to being a convicted felon in possession of a firearm and ammunition. Crim. No. 13-041, Docket Nos. 34, 41-42. Aviles petitions *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket No. 1. The government opposed. Docket No. 12. This matter was referred to me for a report and recommendation. Docket Nos. 2-3. For the reasons set forth below, the § 2255 motion should be **DENIED.**

## BACKGROUND

In 2013, Aviles pled guilty to one count of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Crim. No. 13-041 (FAB), Docket No. 34. At sentencing, Aviles was found to be a career offender under the guidelines and was sentenced to 120 months of imprisonment for that count, to be served consecutively with a revocation sentence imposed in Crim. No. 06-341 (JAG). Crim. No. 13-041, Docket Nos. 41, 42, 46. Aviles appealed his sentence, and the First Circuit affirmed. *Id.* at Docket Nos. 43, 72; *See United States v. Aviles-Santiago*, App. 13-2247 (1st Cir. 2013). On May 24, 2016, Aviles moved *pro se* to vacate the judgment under 28 U.S.C. § 2255, arguing that the residual clause of the

Sentencing Guideline U.S.S.G. § 4B1.2(a) under which he received sentencing enhancements is unconstitutionally vague. Docket No. 1.

## DISCUSSION

Aviles contends in his § 2255 petition that the increased sentence he received violates his constitutional right to due process in light of *Johnson* v. *United States*, 135 S. Ct. 2551, 2554 (2015), a recent Supreme Court decision that declares the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") under 18 U.S.C. § 924(e)(2)(B) unconstitutionally vague. Aviles argues that the residual clause of the United States Sentencing Guideline § 4B1.2 is unconstitutionally vague because it is identical to the ACCA residual clause.

Aviles's arguments for this claim lack merits in light of *Beckles* v. *United States*, 137 S. Ct. 886, 892 (2017), in which "the Supreme Court squarely held that *Johnson* does not apply to the career offender guideline." *United States* v. *Thompson*, 851 F.3d 129, 131 (1st Cir. 2017). In *Beckles*, the Supreme Court distinguished ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines: the latter has been rendered merely advisory, "guid[ing] district courts in exercising their discretion by serving as 'the framework for sentencing.'" *Beckles*, 137 S. Ct. at 894 (citing *Peugh* v. *United States*, 133 S. Ct. 2072, 2083 (2013)). *Beckles* holds that the void-for-vagueness doctrine does not apply to the sentencing guidelines because "vagueness in the Guidelines does 'not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement.'" *United States* v. *Gordon*, 852 F.3d 126, 135 n.11 (1st Cir. 2017) (citing *Beckles*, 137 S. Ct. at 894). Since *Beckles* held that "the Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause," the residual clause in U.S.S.G. §

4B1.2(a)(2), on which Aviles's sentence was based, is not void for vagueness. *Beckles*, 137 S. Ct. at 888. Thus, the court should reject Aviles's claim.

**CONCLUSION**

For the foregoing reasons, the motion should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 13th day of February, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge